IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HEENABAHEN KETANKUMAR PATEL, *et al.,* | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **CASE NO: 7:23-cv-95 (WLS)** |
| | : | |
| ALEJANDRO MAYORKAS, | : | |
| **Secretary of Department of Homeland Security***, et al.,* | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## **ORDER**

On August 21, 2023, Plaintiffs filed their Complaint (Doc. 1.) The Complaint reflects that the following named Defendants were sued in their official capacities: Alejandro Mayorkas, Secretary of the Department of Homeland Security; Merrick Garland, Attorney General of the United States; Tracy Renaud, Senior Official Performing the Duties of the Director of U. S. Citizenship and Immigration Services ("USCIS"); and Daniel M. Renaud, Director of USCIS, Vermont Service Center (Doc. 1 ¶ 7-10.) Summonses were issued for all Defendants on August 23, 2023.

By letter dated October 16, 2023 and filed October 18, 2023 (Doc. 4), Peter D. Leary, United States Attorney, advised Plaintiffs' counsel that his office was unable to accept service of a complaint that was not properly served in accordance with Federal Rule of Civil Procedure 4. Mr. Leary further advised that for service to be proper on the United States:

> [T]he envelope should be addressed to "Civil Process Clerk", United States Attorney's Office, 300 Mulberry Street, 4th Floor, P.O. Box 1702, Macon, Georgia 31202 via <u>certified</u> or <u>registered</u> mail. Therefore, I am requesting that you re-send same via <u>certified</u> or <u>registered</u> mail, along with an executed summons, addressed to "Civil Process Clerk".

1

(Doc. 4 at 1.) Summonses were reissued on October 18, 2023, on all Defendants. However, no changes appear to have been made on those reissued summonses. (*Compare* Doc. 2 *with* Doc. 3.)

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The deadline to serve the Defendants was November 19, 2023. To date, Plaintiffs have not filed notices that service of process has been properly executed on Defendants or that service was waived.

Accordingly, the Court **ORDERS** Plaintiffs to file evidence of returned Summonses executed or waived and/or show cause no later than **Wednesday, November 29, 2023**, why the Complaint should not be dismissed for failure to serve Defendants. Plaintiffs are hereby noticed that failure to respond to or comply with this Order will subject this case to dismissal, without prejudice, as to any such unserved Defendants, and without further notice or proceeding.

**SO ORDERED**, this 21st day of November 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2